**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HIT PRODUCTS CORPORATION,
<u>Plaintiff-Appellant,</u>

v.

ANCHOR FINANCIAL CORPORATION,
d/b/a Anchor Bank,
<u>Defendant-Appellee,</u>

and

JOHN C. NELSON; GARY JEWEL;
CATHY PAYNE; JACK TILGHAM; SISCO
USA; SISCO USA, INCORPORATED,
<u>Defendants,</u>

and

PAUL CORDUA; BILL VOGT; GEORGE
COOK,
<u>Third-Party Defendants.</u>

No. 99-2456

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-97-3799-4-22)

Argued: May 1, 2000

Decided: May 31, 2000

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Gray Thomas Culbreath, COLLINS & LACY, P.C., Columbia, South Carolina, for Appellant. Howell V. Bellamy, Jr., BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A., Myrtle Beach, South Carolina, for Appellee. **ON BRIEF:** Joseph S. McCue, COLLINS & LACY, P.C., Columbia, South Carolina, for Appellant. Douglas M. Zayicek, BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A., Myrtle Beach, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hit Products Corporation filed a diversity suit in the United States District Court for the District of South Carolina against Anchor Financial Corporation, d/b/a Anchor Bank, claiming negligent misrepresentation with regard to a letter of reference authored by Anchor Bank's Executive Vice President. The district court granted Anchor Bank's motion for summary judgment, reasoning that Hit Products failed to establish a genuine issue of material fact as to its justifiable reliance on any alleged misrepresentation by Anchor Bank. Hit Products noted a timely appeal of this ruling. Finding no error, we affirm.

I.

In 1992, Hit Products entered into an agreement with John C. Nelson, Gary Jewel, Cathy Payne, SISCO USA, and SISCO USA, Inc. (the SISCO Defendants) to manufacture PVC fittings for sale in the Middle East. Upon receipt of an order from the SISCO Defendants, Hit Products would turn the products over to SISCO USA's agents for shipment overseas and then bill SISCO USA. SISCO USA in turn

2

paid Hit Products on an account basis. SISCO USA allowed its account to grow to a large amount, totaling $1,123,771.25 on March 25, 1994. As a result, both Hit Products and its bank, the Bank of Sierra, expressed concern about SISCO USA's ability to pay the out-standing debt.

The Bank of Sierra requested that Hit Products obtain a letter of reference concerning Nelson, SISCO USA, and other related businesses from their local bank. Paul Cordua, the president of Hit Products, prepared a form letter of reference and provided it to Nelson to give to his bank. The form letter was addressed "To Whom It May Concern" and sought information on SISCO USA, SISCO Middle East Ltd., BIN Mahfooz Trading Co., Jewel, and Nelson. Nelson asked Robert R. Durant, III, Executive Vice President and Chief Credit Officer of Anchor Bank, to fill out the form letter of reference. On January 11, 1996, Anchor Bank issued the letter of reference (the Anchor Bank letter). The Anchor Bank letter was faxed to Hit Products on January 19, 1996.

The Anchor Bank letter contained the following statements about SISCO USA, SISCO Middle East Ltd., BIN Mahfooz Trading Co., Jewel, and Nelson:

> 1. The above listed companies and people have been in an excellent working relationship with our company for ten (10) years. Length of personal relationship with the principals of company ten (10). They are well respected in the industry and have combined eighteen (18) years of experience and background to utilize.

> 2. They have maintained balances ranging from $25,000 to $350,000, always paying prompt and as agreed.

> 3. Standing in the community is excellent.

> 4. Business ethics are considered good.

> 5. They are economically stable having no adverse credit history. Cash flow is sufficient for operation of all business entities.

3

6. We feel valued to have them as customers.

(J.A. at 83.) It is undisputed that at the time the letter was written, Hit Products had done business with Nelson, Jewel, and SISCO USA for ten years and that Hit Products looked exclusively to these entities for payment. Cordua acknowledged that he did not inform Anchor Bank or any credit reporting service of the debt owed by SISCO. Moreover, upon receiving the Anchor Bank letter, Hit Products did not contact anyone at Anchor Bank to verify or explain the letter or have anybody at the Bank of Sierra contact Anchor Bank.

In December 1997, Hit Products filed suit against the SISCO Defendants and Jack Tilgham, treasurer of SISCO USA. In June 1998, Hit Products joined Anchor Bank in an amended complaint, and in August 1998, Hit Products filed a second amended complaint in response to Anchor Bank's motion for a more definite statement.* The second amended complaint alleged against Anchor Bank a single cause of action for negligent misrepresentation with regard to the Anchor Bank letter. Specifically, Hit Products claimed that it justifiably relied upon the false representations that (1) SISCO Middle East Ltd. and BIN Mahfooz Trading Co. were customers of Anchor Bank, (2) Anchor Bank had a relationship with Nelson and SISCO USA in excess of ten years, and (3) all entities had sufficient cash flow. Hit Products further alleged that it suffered a pecuniary loss as a proximate result of this reliance because it continued to ship fittings and other products to SISCO, Nelson, and Jewel based upon the representation that they had sufficient money to pay for such product. As a result, Hit Products asserted, it diverted capital in the form of labor, materials, and monies to the production of fittings for which it was not paid and did not move into other markets that it could have had it not committed its resources to producing products for SISCO, Nelson, and Jewel.

_____

*The district court granted summary judgment to Tilgham on March 17, 1999. Hit Products subsequently settled with the SISCO Defendants and the district court has dismissed Hit Products's claims against these settling defendants. Neither Tilgham nor the SISCO Defendants, therefore, are parties to this appeal.

4

In response to Hit Products's complaint, Anchor Bank filed a motion for summary judgment. The district court granted Anchor Bank's motion for summary judgment on the ground that Hit Products failed to establish a genuine issue of material fact as to its justifiable reliance upon any alleged misrepresentation by Anchor Bank. Specifically, the court found that Hit Products could not establish that reliance was justified because Hit Products occupied a superior position as to the allegedly misrepresented information, Hit Products knew of the discrepancies in the Anchor Bank letter but still relied upon the letter without further investigation, and the alleged representations regarding BIN Mahfooz and SISCO Middle East were immaterial because Hit Products never looked to these entities for payment.

Hit Products noted a timely appeal of this ruling. Before us, Hit Products argues that its subjective intent and state of mind upon receipt of the Anchor Bank letter are genuine issues of material fact. Hit Products also asserts that whether it had a duty to investigate the representations in the Anchor Bank letter also presents a genuine issue of material fact. Hit Products further contends that the basis of the district court's grant of summary judgment to Anchor Bank was erroneous, because whether Anchor Bank occupied a superior position as to knowledge of the truth of the statements in the Anchor Bank letter and whether Hit Products knew that Anchor Bank was unaware of the debt owed by the SISCO Defendants to Hit Products are also issues of fact. Finally, Hit Products claims that the record contains a genuine issue of material fact as to whether Hit Products relied upon statements in the Anchor Bank letter regarding BIN Mahfooz and SISCO Middle East.

II.

Summary judgment is appropriate if "`the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), in order to survive summary judgment, "[t]he mere existence of a scin-

tilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]," id. at 252. We review a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

We have reviewed the record, briefs, and pertinent case law on this matter, and we have had the benefit of oral argument. Our careful de novo review persuades us that the ruling of the district court was correct. Accordingly, we affirm on the reasoning set forth in the district court's opinion. See Hit Products Corp. v. Anchor Fin. Corp., No. CA-97-3799-4-22 (D.S.C. Oct. 8, 1999).

AFFIRMED

6